1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RINA CICERO, | 2:13-CV-619 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| TARGET CORP., | |
| Defendant(s). | |

**ORDER**

Presently before the court is plaintiff Rina Cicero's motion to remand. (Doc. #8). Defendant filed a response. (Doc. #12). Plaintiff did not file a reply.

**I.  Factual Background**

Plaintiff alleges that on or about February 29, 2012, she fell and was injured by a speed bump negligently maintained by defendant Target Corporation in Clark County, Nevada. On February 28, 2013, plaintiff filed a complaint against defendant in state court, and plaintiff filed an amended complaint on March 13, 2013. Defendant timely removed this case to this court on April 10, 2013, on the basis that diversity of citizenship existed and that the amount in controversy exceeded the sum of $75,000.

**II.  Legal Standard**

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it been brought there in the first place. *See* 28

**James C. Mahan**
**U.S. District Judge**

U.S.C. § 1441(a).  This court has original subject matter jurisdiction over two types of cases.  First, pursuant to 28 U.S.C. § 1332(a), the court has diversity jurisdiction over suits between citizens of different states, for which the amount in controversy exceeds $75,000.  Second, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

In deciding whether removal is proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking the statute bears the burden of establishing that removal was appropriate.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute").  "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins, Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III.    Analysis**

Plaintiff argues that the case should be remanded to state court because the case does not meet the amount in controversy requirement under 28 U.S.C. § 1332(a).  Plaintiff argues that because she demanded $74,999.99, the amount in controversy requirement of $75,000 was not met.  Defendant argues that plaintiff's alleged injuries and damages demonstrate that the amount in controversy is met.  In the alternative, defendant argues that if the motion to remand is granted, this court should enter an order establishing that plaintiff has not been damaged in excess of $75,000.

In order to establish diversity jurisdiction, two elements must be established: diversity of citizenship and amount in controversy.  The diversity of citizenship requirement is not at issue here.  Plaintiff is a resident of Nevada and defendant is a Minnesota corporation with its principal place of business in Minnesota.  Thus, there is complete diversity between the parties.

The second element that must be established is the amount in controversy in excess of $75,000.  "Generally, the amount in controversy is determined from the face of the pleadings." *Crum*

1    *v. Circus Circus Enter.*, 231 F.3d 1129, 1131 (2000).  However, in the removal context where the

2    amount in controversy is not facially evident from the complaint, a defendant must show by a

3    preponderance of evidence that amount in controversy exceeds the required $75,000 and may do so

4    by presenting evidence external to the pleadings.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

5    1117 (9th Cir. 2004).

6         In Nevada, a plaintiff in state court must include in the complaint a recital seeking more than

7    $10,000 in order to invoke the general jurisdiction of the district court and avoid the limited

8    jurisdiction of the justice court, whether the plaintiff in fact seeks $10,000.01 or $10,000,000,000.

9    Here, plaintiff pled this in her complaint.  She therefore claims at least $10,000 in damages.  In her

10   motion to remand, plaintiff argues that her demand is for $74,999.99, and thus this matter does not

11   invoke this court's subject matter jurisdiction.  Defendant argues that the amount in controversy has

12   been met based on the amount of medical bills plaintiff has incurred.  (*See* doc. # 12, Ex. A).

13        Defendant offered to stipulate to remand this action to state court if plaintiff limited her

14   damages to $75,000.  (*See id*., Ex. B).  Plaintiff has not signed the stipulation.  Plaintiff's decision

15   not to sign the stipulation indicates that she believes that the amount in controversy is in excess of

16   $75,000 which would weigh in favor of denying plaintiff's motion. However, the burden is on

17   defendant to establish that the amount in controversy exceeds $75,000 by a preponderance of the

18   evidence and defendant has failed to satisfy that burden here.  The amount of medical expenses

19   before the court is $24,764.43.  Although in its petition for removal, defendant argues that plaintiff's

20   claims total damages of $375,000, defendant has not submitted any evidence to support this

21   representation.  Therefore, the amount of controversy has not been met and this court lacks subject

22   matter jurisdiction over this matter.

23        Additionally, the court finds that based on plaintiff's arguments in her motion to remand that

24   her damages are limited to $74,999.99, plaintiff is judicially estopped from arguing for more than

25   $75,000 in damages.  Other district courts have held that plaintiffs are judicially estopped from

26   taking positions in the future that are inconsistent with their complaint stating that they were not

27   seeking damages in excess of the diversity jurisdiction amount of $75,000.  *Ratliff v. Merck & Co.,*

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    *Inc.*, 359 F. Supp.2d 571, 576 (E.D. Ky. 2005).  In *Ratliff,* although the plaintiffs did not file a

2    stipulation limiting their damages to under $75,000, the court held that because the complaint alleged

3    that damages would not exceed $75,000, plaintiffs were judicially estopped from taking an

4    inconsistent position in the future. *Id.* Here, plaintiff has taken this position in her motion to remand

5    and therefore is judicially estopped from arguing for damages in excess of $75,000 in state court.

6    **IV.**     **Conclusion**

7       Based on the foregoing discussion, this court lacks subject matter jurisdiction under 28

8    U.S.C. § 1332(a). Accordingly,

9       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to

10    remand (doc. #8) be, and the same hereby is, GRANTED.

11       IT IS FURTHER ORDERED that this case be, and the same hereby is, REMANDED to state

12    court due to this court's lack of subject matter jurisdiction.

13       IT IS FURTHER ORDERED that plaintiff is precluded from arguing for damages in excess

14    of $75,000 in any subsequent state court proceeding.

15       DATED June 26, 2013.

16

17                         _____

18                         **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28